UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

DOUGLAS SILVA :
:
v. : C.A. No. 04-429A
:
JO ANNE B. BARNHART, :
Commissioner, Social Security :
Administration :

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's Motion to Alter or Amend Order of August 5, 2005 filed pursuant to Rule 59(e), Fed. R. Civ. P. (Document No. 16).

**Background**

Plaintiff filed his Complaint on October 6, 2004 seeking to reverse an administrative decision denying Social Security Disability Insurance ("SSDI") benefits under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). With the consent of the parties, this case was referred to me for all proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

On February 8, 2005, a briefing schedule was set requiring Plaintiff's brief to be filed by April 29, 2005, Defendant's brief by June 3, 2005 and Plaintiff's reply, if any, by June 17, 2005. On April 19, 2005, Plaintiff moved to enlarge the deadline for his brief by nearly two months to June 24, 2005, Defendant's to July 29, 2005, with Plaintiff having "two weeks" thereafter to respond. This request was granted, and Plaintiff's brief and Defendant's brief were timely filed on June 24, 2005 and July 22, 2005, respectively. Thus, Plaintiff's reply, if any, was due by August 5, 2005.

On August 5, 2005, Plaintiff did not file a reply brief but rather filed another Motion for Enlargement of Time. Plaintiff apparently assumed that this Court would act favorably on the

Motion. Also, on August 5, 2005, this Court issued a Memorandum and Order denying Plaintiff's Motion to Reverse and/or Remand and granting Defendant's Motion to Affirm. (Document No. 12). Thereafter, final judgment was entered by the Clerk in favor of Defendant. (Document No. 13). Plaintiff assumed some risk of losing his option to file a reply brief by filing a last-minute Motion for Enlargement instead of filing the reply itself. While Plaintiff's Motion for Enlargement was denied as moot in view of the August 5, 2005 Order and Judgment, Plaintiff was invited to file a reply which would be treated as a motion for reconsideration.

## Discussion

First, Plaintiff argues that the Court "abused its discretion" in ruling prior to the receipt of Plaintiff's reply brief. Plaintiff is correct that this Court ruled on the last day of the reply brief period. However, no reply brief was filed by Plaintiff and, as noted above, Plaintiff took some risk by filing a last-minute Motion for Enlargement of Time. Since this Court had the discretion to deny Plaintiff's Motion for Enlargement, the issuance of a ruling on August 5, 2005 cannot reasonably be viewed as an "abuse of discretion." The timing was inadvertent and resulted not from any intent to "short change" Plaintiff but instead was motivated by this Court's desire to give litigants a prompt disposition. Rather than simply disposing of Plaintiff's Motion for Enlargement as too late, Plaintiff was invited to file a reply, and this Court has fully reviewed and considered Plaintiff's Motion to Alter or Amend as a request for reconsideration.[1]

---

[1] The scheduling Order permitted Plaintiff to file a "<u>brief</u> reply memorandum" to address issues raised in Defendant's brief and not "fully discussed" in Plaintiff's initial brief. It should be noted that Plaintiff's Motion to Alter or Amend does not address any new issues raised in Defendant's brief but merely reiterates the points already made in Plaintiff's initial nineteen-page brief.

Second, as to the merits of Plaintiff's Motion, this Court has fully reviewed Plaintiff's arguments and finds no basis to reconsider its prior ruling in Defendant's favor. Although Plaintiff's arguments have already been fully addressed in the August 5, 2005 Memorandum and Order, a couple of Plaintiff's points warrant brief comment.

Plaintiff again contends that the ALJ erred in applying the "grids" and not posing a hypothetical question to the vocational expert due to the presence of nonexertional limitations. Although Plaintiff revisits the record as to the existence of such nonexertional reaching and handling limitations, Plaintiff does not dispute this Court's legal conclusion that reliance on the "grids" is only precluded if such nonexertional impairments are significantly limiting. See, e.g., Heggarty v. Sullivan, 947 F.2d 990, 996 (1st Cir. 1991). Applying the required deference, this Court concluded that the record, viewed in its entirety, supported the ALJ's apparent conclusion that Plaintiff's nonexertional limitations were not significant or substantial enough to preclude reliance on the "grids." The ALJ concluded that Plaintiff had the exertional capacity to perform substantially all of the requirements of light work. (Tr. 22); see 20 C.F.R. § 404.1567(b). The fact that the record contains evidence of limitations on frequent overhead reaching (Tr. 205, 217), is not sufficient in and of itself to preclude reliance on the "grids" as a matter of law. This is particularly so when the ALJ makes adequately supported credibility determinations against Plaintiff regarding his claimed limitations. (Tr. 20, 22). Finally, the record contains evidence that Plaintiff's surgeon released him to "light to medium work," (Tr. 185), and his physical therapist determined that he was able to function at the "light-medium" and later "medium" functional levels. (Tr. 193-199). Plaintiff has not convinced this Court that it should reconsider and reverse the ALJ's conclusions.

Plaintiff also revisits the issue of the ALJ's claimed misstatement regarding Plaintiff not taking any "narcotic pain medication." Plaintiff disputes this Court's conclusion that the apparent error was harmless and, significantly, Plaintiff contends that this Court misstated the record in reaching this conclusion. Pl.'s Mot. at p. 6. In particular, this Court noted that there was "no evidence as to whether Plaintiff is actually taking Tylenol #3 and, if so, the frequency and dosage." Mem. and Order at p. 15. In support of his claim that this Court has misrepresented the record, Plaintiff refers to his testimony at pages 36-37 of the record. However, upon further review of the record, it is clear that it is Plaintiff, and not this Court, that is misstating the record.

Plaintiff does not refer to Tylenol #3 in his testimony. Rather, in response to questioning by his attorney, Plaintiff specifically identified the milligram dosages of three prescription drugs he was taking and then testified that he also takes "aspirin, Advil, Tylenol...." (Tr. 36). He did not indicate that he was taking Tylenol #3, a prescription medication, or identify the frequency or dosage as he had done with Prozac, Neurontin and Amitriptyline. Id. Plaintiff identified Tylenol along with aspirin and Advil – two other common, over-the-counter, non-narcotic pain medications. Although he had the opportunity to do so, Plaintiff's counsel did not more fully develop the record to clarify whether Plaintiff was actually taking Tylenol #3 and not simply Tylenol as Plaintiff testified, and, if so, the frequency and dosage as he had done with the other prescription medications. As noted in this Court's original ruling, the record could be clearer on this issue but that even if the ALJ erred in not interpreting Plaintiff's reference to Tylenol as one to Tylenol #3, the error was harmless when viewed against the entirety of the record and the ALJ's supported credibility determinations.

## Conclusion

After fully reviewing and considering Plaintiff's Motion to Alter or Amend, this Court sees no basis to reconsider and reverse its prior ruling in favor of Defendant. Thus, Plaintiff's Motion to Alter or Amend (Document No. 16) is DENIED.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
September 6, 2005